# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BELINDA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-916 |
| ) | |
| HUMANA INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Humana Insurance Company (hereinafter, "Defendant"), hereby removes this civil action from the Circuit Court of Jackson County, Missouri pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for this removal are as follows:

**I.    FACTS**

1.   On or about October 7, 2020, Plaintiff Belinda Johnson ("Plaintiff") initiated a civil action captioned *Belinda Johnson v. Humana Insurance Co.*, Civil Action No. 2016-CV20901, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2.   Plaintiff's Petition for Damages ("Petition") alleges the following causes of action against Defendant for alleged violations of the Missouri Human Rights Act ("MHRA"): (1) Count I – Race Discrimination & Harassment and (2) Count II – Retaliation.

3.   The Civil Cover Sheet associated with this Notice is attached hereto as Exhibit A.

4.   The summons was issued on October 14, 2020. Defendant was served on October 26, 2016. As required by 28 U.S.C. 1446(a) copies of all "process, pleadings, and orders served upon each defendant" are attached as Exhibit B.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendant.  *See* <u>Exhibit B</u>.

6.      The Defendant has not filed an Answer or other pleading in the State Court Action.

## II.     THIS COURT HAS DIVERSITY JURISDICTION.

7.      Plaintiff alleges that she is a resident of the state of Missouri.  Petition ¶ 1. Therefore, Defendant believes in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction.

8.      As alleged by Plaintiff, Defendant is a foreign insurance company. Petition ¶ 2. Defendant's statutory office is located at 1100 Employers Blvd., De Pere, Wisconsin, 54115. Thus, Defendant is a citizen of a state other than Missouri.

9.      Complete diversity therefore exists among the parties to the Petition.

## III.    AMOUNT IN CONTROVERSY.

10.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.  *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002); *see also Moss v. Casey's General Stores, Inc.*, Case No. 07-00300-CV-W-FJG, 2007 WL 2084112, at *2 (W.D. Mo., July 17, 2007) (stating same) (citation and quotation omitted).

11.     Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.  *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

12.     It is readily evident that a fact finder could legally conclude that the damages Plaintiff seeks exceed the jurisdictional requisite of $75,000 based on (1) the extensive allegations

and prayers for damages under her MHRA claims and (2) the availability under the MHRA of significant damages, including compensatory and punitive damages, as well as attorneys' fees on these claims.

13. The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in her complaint, to which she might be entitled under the controlling law for the claims pled. In other words, if Plaintiff has articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 89, 58 S.Ct. 586, 590 (1938); *Kopp v. Kopp*, 280 F.3d 883, 884-885 (8th Cir. 2002).

14. Plaintiff alleges numerous types of damages available under the MHRA, which could exceed $75,000. Most notably, Plaintiff seeks recovery for punitive damages and attorneys' fees, as well as lost income, back-pay, front-pay, benefits, and damages for emotional distress. (*See* Petition at WHEREFORE paragraphs of Counts I -II). The MHRA specifically allows for potential recovery of punitive damages and attorneys' fees. R.S.Mo. § 213.111.2.

15. In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages and statutory attorneys' fees. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Embry v. Everest College*, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages, or attorneys' fees. . . may be considered when assessing whether the amount in controversy has been met"); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding it "rational to include the future legal expenses in calculating the amount in controversy").

16. Plaintiff's claim for attorneys' fees alone creates the distinct probability of a recovery in excess of $75,000 if Plaintiff prevails, given that fee recoveries under the MHRA often exceed six figures, even when the discrimination results in nominal or small monetary damages. *See DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. App. 2014) (trial court erred by reducing claim for attorneys' fees of $133,198.50 under the MHRA based on a jury compensatory damage award of $7,500.00). There can be no doubt that if this action proceeds to a jury some months from now, Plaintiff's potential fee claim alone would exceed $75,000.

### IV. VENUE IS APPROPRIATE IN THIS COURT.

17. Because there is complete diversity between the parties and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims, and the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

18. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

19. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff including, but not limited to, improper service of process, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

20. A copy of this Notice of Removal has been served upon Plaintiff, and together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of Court for the Circuit Court of Jackson County, Missouri.

# JURY TRIAL

21. Defendant designates Kansas City, Missouri as the place for the jury trial.

WHEREFORE, Defendant prays that further proceedings in the Circuit Court of Jackson County, Missouri be discontinued and that Civil Action No. 2016-CV20901 now pending in the Circuit Court of Jackson County, Missouri be removed to the United States District Court for the Western District of Missouri, and that such Court assume full jurisdiction of such action as provided by law.

By: */s/ Kyle B. Russell*
Kyle B. Russell, Mo. #52660
Camille L. Roe, Mo. #65142
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
Phone: (913) 981-1018
Fax: (913) 981-1019
Kyle.Russell@jacksonlewis.com
Camille.Roe@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

       I hereby certify that on this 16th day of November 2020, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system with a copy sent via electronic mail in PDF format to the following:

Michael A. Williams
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamsdirks.com

ATTORNEY FOR PLAINTIFF

                                              */s/ Kyle B. Russell*
                                              AN ATTORNEY FOR DEFENDANT